## CUMBERLAND ET AL. *v.* FARMER'S EXCHANGE BANK.

*Banks and banking—Partnership checks charged against individual partner—Latter estopped to deny authority, when.*

Where a bank had charged a depositor against his account checks issued in payment of the expenses of a partnership of which he was a member, and where his bank book was balanced and his checks returned several times subsequent thereto and no protest was ever made until suit had been brought against him on a note which was renewed after the canceled checks had been returned to him; *Held:* That a jury was justified in rendering a verdict against him.

(Decided August 1, 1914.)

ERROR: Court of Appeals for Clinton county.

JONES, O. B., J.; SWING and JONES, E. H., JJ., concurring.

While there were other points of error urged in the case, the one chiefly relied upon by counsel was that the judgment was against the weight of the evidence and was not sustained by sufficient evidence.

The checks which defendants below, J. C. and Carrie W. Cumberland, claimed had been without authority charged against the account of J. C. Cumberland by plaintiff below were checks drawn by one Morris for expenses of a business in which he was engaged as a partner with the defendant below, J. C. Cumberland, and the bankbook was balanced several times and the checks returned without a protest from him. No claim was made that they were improperly paid until after the filing of this suit, and the note upon which suit was

brought was renewed by defendants below without objection after the payment of these checks and without any claim for reduction on account of any unauthorized checks.

We therefore think the jury were justified in their verdict as returned, and as a careful examination of the record fails to disclose any errors prejudicial to the plaintiff in error, the judgment is affirmed.

*Judgment affirmed.*

*Mr. H. S. Pulse,* for plaintiffs in error.

*Mr. C. W. Swain,* for defendant in error.